**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Keystone Recovery Center, Inc. d/b/a BlueCrest Recovery Center; Quicksilver Counseling Center Inc. d/b/a BlueCrest Counseling Center; and BlueCrest Detox, Inc., | Case No. 1:26-cv-06150 |
| | MDL No. 3121 |
| Plaintiffs, | |
| | **COMPLAINT** |
| v. | |
| | **JURY TRIAL DEMANDED** |
| Claritev Corp. f/k/a MultiPlan, Inc.; Aetna, Inc.; Blue Cross Blue Shield of Michigan Mutual Insurance Company; Aware Integrated, Inc.; BCBSM, Inc. d/b/a Blue Cross Blue Shield Of Minnesota; Elevance Health, Inc. f/k/a Anthem, Inc.; Health Care Service Corporation; Highmark Health; Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey; Kaiser Foundation Health Plan, Inc.; UnitedHealth Group Inc.; Allied National, LLC; Central States Southeast and Southwest Areas Health and Welfare Fund; CareFirst Of Maryland; Blue Cross Blue Shield of Massachusetts, | |
| Defendants. | |

**KEYSTONE RECOVERY CENTER, INC. D/B/A BLUECREST RECOVERY CENTER, QUICKSILVER COUNSELING CENTER INC. D/B/A BLUECREST COUNSELING CENTER, AND BLUECREST DETOX, INC.'S DIRECT ACTION PLAINTIFF SHORT-FORM COMPLAINT**

The Plaintiffs named below file this Short-Form Complaint and (if checked off below) Demand for Jury Trial against the Defendant(s) named below by and through the undersigned counsel. Plaintiffs incorporate by reference the factual allegations, as well as the claims and relief checked off below, sought in the Consolidated Master Direct Action Plaintiff Complaint ("Consolidated Master DAP Complaint") as it relates to the named Defendant(s) (checked-off

1

below), filed in *In re Multiplan Health Insurance Provider Litigation*, MDL No. 3121, in the United States District Court for the Northern District of Illinois. Plaintiffs file this Short-Form Complaint pursuant to Case Management Order No. 6, filed on the MDL Docket (No. 1:24-cv-06795) at ECF 179.

Plaintiffs indicate by checking the relevant boxes below the Parties, Designated Forum, Jurisdiction and Venue, Causes of Actions and other Relevant Information specific to Plaintiffs' case. Plaintiffs, by and through the undersigned counsel, allege as follows:

## I.  IDENTIFICATION OF PARTIES

1. **PLAINTIFFS**

2. Name of the Plaintiffs alleging claims against Defendant(s): **Keystone Recovery Center, Inc. d/b/a BlueCrest Recovery Center, Quicksilver Counseling Center Inc. d/b/a BlueCrest Counseling Center, and BlueCrest Detox, Inc. (collectively, "BlueCrest")**

3. For each Plaintiff that is a corporation, list the state of incorporation and state of principal place of business. For each Plaintiff that is an LLC or partnership, list the state citizenship of each of its members. For each Plaintiff that is a natural person, list the state of residency and citizenship at the time of the filing of this Short-Form Complaint [Indicate State[s]]:

   **State of Incorporation and Principal Place of Business: New Jersey**

4. **DEFENDANT(S)**

5. Plaintiffs name the following Defendant(s)[1] in this action [*Check all that apply*]:

   | X | Claritev Corp. f/k/a MultiPlan, Inc. |
   | X | Aetna, Inc., a subsidiary of CVS Health Corporation |

---

[1] Each Defendant named in this Short-Form Complaint acted directly or through each of that entity's executives, employees, directors, and majority-owned subsidiaries. For example, UnitedHealth Group Inc. acted directly or through, among others, the following majority-owned subsidiaries: United Healthcare Insurance Company, and its affiliates; United Healthcare Services Inc.; United Healthcare Service LLC; Oxford Benefit Management, Inc.; UMR, Inc.; Sierra Health and Life Insurance Company, Inc.; Sierra Health-Care Options, Inc.; Health Plan of Nevada, Inc.; and United Healthcare of Florida, Inc.

| | |
|---|---|
| | Blue Shield of California Life & Health Insurance Company |
| X | Blue Cross Blue Shield of Michigan Mutual Insurance Company |
| X | Aware Integrated, Inc. and BCBSM, Inc. d/b/a Blue Cross Blue Shield Of Minnesota |
| | Cambia Health Solutions, Inc. f/k/a The Regence Group |
| | Centene Corporation |
| | The Cigna Group |
| X | Elevance Health, Inc. f/k/a Anthem, Inc. |
| X | Health Care Service Corporation |
| X | Highmark Health |
| X | Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey |
| | Humana Inc. |
| X | Kaiser Foundation Health Plan, Inc. |
| | Molina Healthcare, Inc. |
| X | UnitedHealth Group Inc. |
| X | Allied National, LLC |
| | Benefit Plans Administrators of Eau Claire, LLC |
| X | Central States Southeast and Southwest Areas Health and Welfare Fund |
| | Consociate, Inc. d/b/a Consociate Health |
| | Healthcare Highways Health Plan (ASO), LLC |
| | Secure Health Plans Of Georgia, LLC d/b/a Secure Health |
| | Sanford Health Plan |
| X | CareFirst Of Maryland |
| X | Blue Cross Blue Shield of Massachusetts |

## 6. OTHER DEFENDANTS

7. For each "Other Defendant" Plaintiffs contend are additional parties and are liable or responsible for Plaintiffs' damages alleged herein, Plaintiffs must identify by name each Defendant and its citizenship, and Plaintiffs must plead the specific facts supporting any

claim against each "Other Defendant" in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiffs may attach additional pages to this Short-Form Complaint.

| | NAME | CITIZENSHIP |
|---|---|---|
| 1 | | |

## II.  DESIGNATED FORUM

8.  For Direct Filed Cases: Identify the Federal District Court in which the Plaintiffs would have filed in the absence of direct filing: **Northern District of Illinois**

9.  For Transferred Cases: Identify the Federal District Court in which the Plaintiff originally filed and the date of filing: **Not Applicable**

## III.  JURISDICTION AND VENUE

10. Subject Matter Jurisdiction is based on:

- ☐ Diversity of Citizenship
- ☒ Federal Question
- ☐ Other (The basis of any additional grounds for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure): _____ _____

## IV.  FACTS AND INJURIES ASSERTED

11. Plaintiffs adopt all paragraphs of the Consolidated Master DAP Complaint by reference, except for the allegations set forth in any cause of action that Plaintiffs do not adopt (as indicated below). **BlueCrest adopts all allegations in the Consolidated Master DAP Complaint.**

12. Plaintiffs adopt and allege as injuries resulting from the challenged conduct the injuries to DAPs set forth in the Consolidated Master DAP Complaint.

## V.  ADDITIONAL FACTS DEMONSTRATING STANDING TO BRING CAUSES

**OF ACTION**

13. Plaintiffs allege the following additional facts in support of their standing to bring causes of action:

**See attached additional pleadings.**

### VI.     CAUSES OF ACTION ASSERTED

14. Plaintiffs adopt and assert the following Causes of Action alleged in the Consolidated Master DAP Complaint, and the allegations with regard thereto, against the Defendants identified above (*check all that are adopted*).

| Check all that apply | Count | Cause of Action | Law pursuant to which the cause of action is asserted in the Master Complaint |
|---|---|---|---|
| ☐ | I | Horizontal Agreements in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| ☒ | II | Hub-And-Spoke Agreement in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| ☒ | III | Principal-Agent Combinations in Restraint of Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| ☒ | IV | Agreements to Unreasonably Restrain Trade (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| ☒ | V | Anticompetitive Information Exchange (Section 1 of the Sherman Act, 15 U.S.C. § 1) | Federal Law |
| ☐ | VI | Violation of State and D.C. Antitrust Statutes | |
| ☐ | VII | Violation of State Consumer Protection Laws | |
| ☐ | VII | Unjust Enrichment | |

**NOTE**

If Plaintiff wants to allege additional Causes of Action other than those selected in the preceding paragraph, which are the Causes of Action set forth in the Master Complaint, the facts supporting those additional Causes of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff may attach additional pages to this Short-Form Complaint.

### VII.     ADDITIONAL CAUSES OF ACTION

15. Plaintiffs assert the following additional Causes of Action and supporting allegations against the following Defendants:

**See attached paragraphs of supporting allegations.**

_____

_____

_____

## VIII.   PRAYER FOR RELIEF

16. *Check all that apply*:

[X]     **WHEREFORE,** Plaintiffs pray for all available compensatory damages, treble damages, punitive damages in amounts to be proven at trial, and judgment against Defendant(s) and all such further relief that this Court deems equitable and just as set forth in the Master Complaint, and any additional relief to which Plaintiffs may be entitled, including disgorgement.

[X]     **WHEREFORE,** Plaintiffs pray for declaratory and injunctive relief and judgment against Defendant(s) and all such further relief that this Court deems equitable and just as set forth in the Master Complaint, and any additional relief to which Plaintiffs may be entitled.

## JURY DEMAND

[*Check the applicable box*]:

[X]     Plaintiffs hereby demand a trial by jury as to all claims in this action.

[ ]     Plaintiff**s do not demand** a trial by jury as to all claims in this action.

****

By signature below, Plaintiffs' counsel hereby confirms their submission to the authority and jurisdiction of the United States District Court of the Northern District of Illinois and oversight of counsel's duties under Federal Rule of Civil Procedure 11, including enforcement as necessary through sanctions and/or revocation of *pro hac vice* status.

Dated: May 26, 2026

/s/ Stephen M. Medlock
Stephen M. Medlock
Stephen Cohen (*pro hac vice* forthcoming)
Rami Abdallah E. Rashmawi (*pro hac vice* forthcoming)
**VINSON & ELKINS LLP**
2200 Pennsylvania Ave., N.W.
Suite 500 West
Washington, DC 20037
Tel: (202) 639-6500
Fax: (202) 639-6604
smedlock@velaw.com
scohen@velaw.com
rrashmawi@velaw.com

Michael Scarborough (*pro hac vice* forthcoming)
Dylan Ballard (*pro hac vice* forthcoming)
Madison Lo (*pro hac vice* forthcoming)
555 Mission Street
Suite 2000
San Francisco, CA 94105
Tel: (415) 979-6900
Fax: (415) 651-8786
mscarborough@velaw.com
dballard@velaw.com
mlo@velaw.com

Mackenzie Newman (*pro hac vice* forthcoming)
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 237-0000
Fax: (212) 237-0100
mnewman@velaw.com

*Counsel for Plaintiffs*

7

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on May 26, 2026, he electronically filed a copy of the attached via the CM/ECF filing system, which sent notification of such filing to all Filing Users.

/s/ Stephen M. Medlock
Stephen M. Medlock

## ADDITIONAL FACTUAL ALLEGATIONS

1.      BlueCrest is a behavioral health provider that specializes in the treatment of substance use disorder ("SUD") and co-occurring mental health conditions. Through its BlueCrest Recovery Center and BlueCrest Detox programs, BlueCrest offers a full continuum of medically necessary SUD care, including medically supervised detoxification, residential treatment, partial hospitalization ("PHP"), intensive outpatient ("IOP"), outpatient counseling, group therapy, individual psychotherapy, medication-assisted treatment, and toxicology and laboratory services associated with each level of care.

2.      Since its founding, BlueCrest has treated thousands of patients suffering from opioid use disorder, alcohol use disorder, stimulant use disorder, and co-occurring depression, anxiety, and trauma-related conditions. From January 1, 2020 through December 31, 2025, BlueCrest submitted approximately 74,705 claims for medically necessary SUD services to commercial third-party payors. The overwhelming majority of those claims were submitted on an out-of-network ("OON") basis.

3.      BlueCrest routinely provides out-of-network SUD services to commercially insured patients on an OON basis and submits bills for those services to the third-party payors. The payors that paid the substantial majority of BlueCrest's OON claims used MultiPlan's OON Repricing Services.

4.      BlueCrest was and is harmed by the MultiPlan Cartel because it submitted claims for medically necessary, out-of-network SUD care that were systematically repriced and underpaid by members of the MultiPlan Cartel.

5.      BlueCrest's own claims data corroborates and exceeds that figure. From January 1, 2020 through December 31, 2025, BlueCrest submitted approximately 74,705 claims for OON

9

SUD services to commercial third-party payors, with aggregate billed charges of approximately $231,952,325. The aggregate amount paid on those claims by all third-party payors combined was approximately $90,124,554 — leaving an aggregate underpayment of approximately $141,827,771.

6. Representative individual claims illustrate the pricing pattern the MultiPlan Cartel applied to BlueCrest's OON SUD services. BlueCrest submitted a claim for one day of medically supervised detoxification with billed charges of $4,600.00; the repriced amount paid by the payor was $2,516.11. BlueCrest submitted a claim for one day of partial hospitalization with billed charges of $3,300.00; the amount paid by the payor was $583.73 — approximately 17.7% of billed charges. BlueCrest submitted a claim for one day of intensive outpatient SUD treatment with billed charges of $2,750.00; the amount paid by the payor was $447.82 — approximately 16.3% of billed charges. These claims are representative, not isolated outliers, of the pricing pattern MultiPlan and its co-conspirators applied to BlueCrest's OON SUD claims throughout the relevant period. The magnitude of the resulting underpayment is staggering. Thus far, BlueCrest has attributed over $27 million in underpayments to MultiPlan's Data iSight pricing formula alone.

7. BlueCrest's damages — measured by the difference between the lawful, but-for OON reimbursement that BlueCrest would have received absent the MultiPlan Cartel and the artificially suppressed amounts that BlueCrest actually received — are at least in the tens of millions of dollars, with the precise amount to be established at trial. These damages are a direct, foreseeable, and intended consequence of the cartel conduct alleged in the Master Complaint.

8. The Cartel's suppression of OON reimbursement for SUD services does not merely harm BlueCrest; it inflicts well-documented harm on patients suffering from substance use disorder and on the behavioral health delivery system as a whole. Substance use disorder is a

10

chronic, relapsing medical condition. The U.S. Department of Health and Human Services first declared the opioid crisis a nationwide public health emergency on October 26, 2017, and has renewed that declaration on a quarterly basis ever since. The Centers for Disease Control and Prevention has reported in excess of 100,000 drug overdose deaths in the United States for the last decade, the highest figures in the nation's history. The U.S. Surgeon General's 2016 Report, Facing Addiction in America, concluded that substance use disorders are treatable medical conditions and that expanded access to evidence-based SUD treatment is essential to addressing the addiction crisis. The National Institute on Drug Abuse and the Substance Abuse and Mental Health Services Administration have likewise repeatedly recognized that access to a full continuum of SUD care — detoxification, residential treatment, partial hospitalization, intensive outpatient, outpatient, and medication-assisted treatment of the kind BlueCrest provides — reduces overdose deaths, emergency department utilization, inpatient hospitalization, criminal-justice involvement, and other downstream medical and social costs.

9. The systematic underpayment of SUD providers through MultiPlan's common pricing methodology causes cascading harm to behavioral health. Underpaid SUD providers are forced to absorb the cartel-imposed shortfall and to curtail or eliminate medically necessary levels of care, or to exit SUD treatment entirely. The result is fewer SUD beds, longer waitlists, narrower access, and ultimately more relapse, more overdose, more emergency-department visits, and more deaths. BlueCrest's injury, accordingly, is not merely an injury to a single SUD provider. Because the MultiPlan Cartel suppresses OON reimbursement for SUD services, undermines the supply of medically necessary SUD care to the patients.

10. BlueCrest offers its services entirely on an out-of-network basis and has no contractual duty to arbitrate claims against any Defendant named in this Complaint.

11.     The Antitrust Division of the U.S. Department of Justice is investigating the MultiPlan Cartel. In an SEC filing on May 18, 2026, MultiPlan acknowledged for the first time that it received a grand jury subpoena in August 2024 and that it has been cooperating with that investigation for the last 21 months. Public reporting suggests that this criminal antitrust investigation centers on how MultiPlan's Data iSight pricing methodology violates Section 1 of the Sherman Act.